Criminal Appeals — Indigent — Court Appointed Attorney The judge in a county with a public defender may, as provided in 22 O.S. 1074 [22-1074] (1968), appoint a private lawyer to represent an indigent defender in a criminal action when it is not feasible or justice will not be served by having the public defender act as counsel on the appeal. The private counsel, when validly appointed, shall be paid an adequate compensation as fixed by the judge to be paid from the court fund. The Attorney General has had under consideration your letter of November 5, 1968, wherein you describe the following factual circumstances. "An indigent defendant, represented by the Public Defender's Office, is tried and convicted. He demands an appeal (free casemade, etc.) and refuses to have the Public Defender or any of his assistants represent him on appeal, sometimes stating and alleging that that office did not properly represent him. The trial judge appoints a private lawyer." You then ask: "Can the judges, upon the concurrence of a majority of the District Judges, pay the private lawyer for his appellate work in the case out of the Court Fund under Section 22 O.S. 1074 [22-1074], Title 22?" The following statutory provisions are relevant to your inquiry. Title 19 O.S. 138.1 [19-138.1] — 19 O.S. 138.5 [19-138.5] (1961) as amended creates the office of Public Defender in counties with a population in excess of 200,000. It is the duty of the Public Defender to represent the indigent defendants subject to criminal action in the county. O.S.L. 1965, ch. 169, Section 1, (22 O.S. 1074 [22-1074] (1968)) provides: "Whenever the judge of any court of record within this state shall determine that any person convicted of a crime within his court is without adequate funds or resources to employ legal counsel for the perfection of an appeal, he shall upon request of said convicted person appoint counsel for appeal. Said counsel shall be provided adequate compensation, as fixed by the judge, from the court fund of the county in which the defendant was convicted. Provided, that in any county where a public defender is regularly employed, the judge making a determination of the necessity for counsel to prosecute an appeal shall, where feasible and justice will be served, appoint such public defender to act as such counsel for the defendant for such appeal, and may, if the circumstances justify, allow an additional compensation to such public defender upon the concurrence of a majority of the district judges, if more than one district judge." (Emphasis added) In 1968, a new court fund was created as set out in O.S.L. 1968, ch. 412, Sections 1-7, 9-12 (20 O.S.Supp. 1968, Sections 1301-1311[20-1301-1311]). Section 1304 spells out what payments are authorized to be made from this new court fund. The statute provides in relevant part: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term `expenses' shall include . . . attorney's fees for paupers, transcripts ordered by the court, part-time help, special services in instances hereafter authorized by law, . . . ." (Emphasis added) According to O.S.L. 1965, ch. 169, Section 1 (22 O.S. 1074 [22-1074] (1968)) in a county where there is a public defender, the judge shall appoint this public defender to act as counsel for the defendant on appeal if it is feasible and justice will be served. Apparently, in the situation you describe, the judge has, upon request for counsel for an appeal, felt that it was either not feasible and/or justice would not be served to have the public defender represent the defendant on appeal. In such a case, the judge is within the general terms of the statute, and not within the proviso. He should appoint other counsel for the appeal. Said counsel is to be provided adequate compensation, as fixed by the judge, to be paid from the court fund. The new court fund act provides that attorney's fees for paupers are a valid claim against the new court fund. It is not necessary that a majority of the District Judges concur in this matter. It is the opinion of the Attorney General that the judge in a county with a public defender may, as provided in O.S.L. 1965, ch. 169, Section 1 (22 O.S. 1074 [22-1074] (1968)), appoint a private lawyer to represent an indigent defendant in a criminal action when it is not feasible or justice will not be served by having the public defender act as counsel on the appeal. The private counsel, when validly appointed, shall be paid an adequate compensation as fixed by the judge to be paid from the court fund. (Prudence Little)